THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WENDY HUDSON-SWOOPE, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>MRO CORPORATION (dba MEDICAL RECORDS ONLINE, INC.),<br><br>THE CLEVELAND CLINIC<br><br>and<br><br>THE CLEVELAND CLINIC FOUNDATION<br><br>Defendants. | Case No. |

## NOTICE OF REMOVAL OF ACTION

1. Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant MRO Corporation ("MRO"), hereby removes the above-captioned action from the Court of Common Pleas, Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio. MRO removes this action under the Class Action Fairness Action, 28 U.S.C. § 1332(d), on the grounds that the amount in controversy exceeds the sum or value of $5,000,000, there are more than 100 members of the putative class, and at least one member of the putative class is a citizen of a state different than that of MRO.

### State Court Action

2. Plaintiff commenced this action (the "State Court Action") by filing a complaint on June 11, 2024 in the Court of Common Pleas, Cuyahoga County, Ohio naming MRO as a

defendant (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon MRO in the State Court Action are attached to this Notice collectively as **Exhibit A**.

3. The Complaint is brought on behalf of plaintiff and two putative classes. Class A includes "[a]ll persons in Ohio to whom Defendant provided medical records, and charged more than the amounts set forth in R.C. 3701.741." *See* Ex. A at ¶ 12. Class B includes "[a]ll persons in Ohio to whom Defendant provided medical records on behalf of The Cleveland Clinic Foundation, and charged more than the amounts set forth in R.C. 3701.741." *See* Ex. A at ¶ 12.

4. The Complaint asserts claims for alleged violations of Section 3701.741 of the Ohio Revised Code relating to the fees chargeable to patients for providing copies of medical records. Specifically, the Complaint asserts claims for unjust enrichment, conversion, fraud, agency, and conspiracy. *See* Ex. A, ¶¶ 27-56.

5. MRO has not pleaded or answered in the State Court Action.

## TIMELINESS OF REMOVAL, JURISDICTION, AND VENUE

6. MRO was served with the Complaint in the State Court Action on June 17, 2024, which is the "initial pleading setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b)(1). This notice is therefore timely under 28 U.S.C. § 1446(b).

7. The District Court has original jurisdiction of this action under 28 U.S.C. § 1332(d)(2).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Ohio is the federal judicial district embracing the

Court of Common Pleas of Cuyahoga County in the State of Ohio, where the State Court Action was filed.

## **Basis for Removal Jurisdiction**

9. This court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) in that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members of the putative class, and at least one member of the putative class is a citizen of a state different than that of any defendant. 28 U.S.C. § 1332(d)(2). Removal of this action is proper pursuant to 28 U.S.C. § 1453.

10. Under the Class Action Fairness Act, which Congress enacted to facilitate adjudication of certain class actions in federal court, no antiremoval presumption applies. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

### Diverse Citizenship of the Parties

11. Under the Class Action Fairness Act, parties need have only minimal diversity. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84-85. Therefore, sufficient diversity exists if any member of a proposed class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(a).

12. To determine a natural person's citizenship for the purposes of diversity jurisdiction, domicile is controlling. *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 544 (6th Cir. 1994). According to Plaintiff's own allegations, at the time she commenced this action, she was a citizen of Ohio. *See* Ex. A at ¶ 1.

13. A corporation is a citizen of its state of incorporation and the state of its principal place of business. *Restaco, Inc. v. AMI Reichert, LLC*, 356 F.Supp.2d 835, 837 (N.D. Ohio 2005).

MRO is incorporated in and has its principal place of business in the Commonwealth of Pennsylvania. *See* Ex. A at ¶ 2.

14. Accordingly, minimal diversity exists between Plaintiff, a citizen of Ohio, and MRO, a citizen of Pennsylvania.

More than 100 Members of the Putative Class

15. For original jurisdiction to exist under the Class Action Fairness Act, "the number of members of all proposed classes in the aggregate" must be at least 100. *See* 28 U.S.C. §§ 1332(d)(2) and (5)(B).

16. Plaintiff defines the putative class as consisting of all persons in Ohio to whom defendant MRO provided medical records for "as far back as the applicable statute of limitations permits." *See* Ex. A at ¶ 12.

17. Plaintiff alleges that the "[m]embers of the proposed class are so numerous that joinder of all members is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are <u>hundreds of individuals in the Class</u>." *See* Ex. A at ¶ 15 (emphasis added).

18. The applicable Ohio statutes of limitations for Plaintiff's claims are as follows:

   a. Four years for unjust enrichment (R.C. 2305.07(A));

   b. Four years for conversion (R.C. 2305.09(B));

   c. Four years for fraud (R.C. 2305.09(C)); and

   d. Four years for plaintiff's claim of civil conspiracy (civil conspiracy is not an independent cause of action. *Palmer v. Westmeyer*, 549 N.E.2d 1202, 1207 (Ohio Ct. App. 1998). The limitations period is drawn from the underlying cause of action.

*Thompson v. Citizens Nat'l Bank*, No. 1:14 CV 01197, 2015 WL 5017806 at *4 (N.D. Ohio Aug. 21, 2015)).

19. MRO has responded to requests for, and provided copies of, medical records of health care facilities in Ohio regarding more than 100 patients who are citizens of Ohio.

20. Based on plaintiff's definition, the proposed class includes over 100 members.

## Amount in Controversy in Excess of $5,000,000

21. In the Sixth Circuit, a defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 to remove the case under the Class Action Fairness Act. *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 282 (6th Cir. 2016).

22. The defendant need not establish to a legal certainty that the amount in controversy exceeds $5,000,000. *Franklin v. CitiMortgage, Inc.*, No. 1:11-cv-608, 2012 WL 10192 at *5 (S.D. Ohio Jan. 3, 2012).

23. Under the Class Action Fairness Act, the claims of all members of the putative class are aggregated to determine the amount in controversy. 28 U.S.C. § 1332(d)(6).

24. Within the last four years, the applicable statute of limitations for Plaintiff's claims, the total of MRO's revenue for copies of medical records requests in Ohio is approximately $47 million.

25. The amount in controversy analysis must also take into account the ability of the putative class to recover punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (citing *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

26. Plaintiff alleges in the Complaint that MRO "engaged in a malicious combination" with other defendants to cause Plaintiff and the putative class harm. *See* Ex. A at ¶ 53.

27. Plaintiff expressly seeks an award of punitive damages.

28. Therefore, it is not apparent to a legal certainty at this stage of the proceedings that punitive damages cannot be recovered in this action. Accordingly, the amount in controversy analysis must include the claim for punitive damages.

29. Prospective attorneys' fees must also be included in the assessment of the amount in controversy. *Anderson v. Starbucks Corp.*, 556 F.Supp.3d 1132, 1137 (N.D. Cal. 2020).

30. Under Ohio law, attorneys' fees are authorized by an award of punitive damages. *See* R.C. § 2721.16(b).

31. Plaintiff expressly seeks an award of attorneys' fees in the Complaint. *See* Ex. A at ¶ 46, p. 12.

32. Therefore, any prospective attorneys' fees must be included in this Court's amount in controversy determination.

33. In consideration of the hundreds of members of the putative class accruing alleged damages over four years and the possibility of punitive damages and attorneys' fees, MRO has demonstrated it is more likely than not that the amount in controversy exceeds $5,000,000.

## Notice of Removal Jurisdiction

34. For the reasons stated above, this action is within the original jurisdiction of this Court and removable pursuant to 28 U.S.C. § 1332(d)(2).

35. MRO respectfully requests that the United States District Court for the Northern District of Ohio issue such orders and process as necessary to preserve its jurisdiction over this action.

36. Counsel for MRO certifies, pursuant to 28 U.S.C. §§ 1446(d) and 1453, that it will promptly file a copy of this Notice with the clerk of the Court of Common Pleas of Cuyahoga County in the State of Ohio, and written notice is being provided to all other parties.

WHEREFORE, the above-described action pending in the Court of Common Pleas of Cuyahoga County in the State of Ohio is hereby removed to the United States District Court for the Northern District of Ohio.

Date: July 12 2024            Respectfully submitted,

                               _/s/Michael J. Zbiegien Jr._
                               Michael J. Zbiegien Jr. (0078352)
                               *mzbiegien@taftlaw.com*
                               Daniel H. Bryan (0095309)
                               *dbryan@taftlaw.com*
                               Taft Stettinius & Hollister LLP
                               200 Public Square, Suite 3500
                               Cleveland, Ohio 44114-2302
                               Telephone: 216.241.2838
                               Fax: 216.241.3707

                               David Smith (*pro hac vice anticipated*)
                               *dsmith@dilworthlaw.com*
                               Theresa E. Loscalzo (*pro hac vice anticipated*)
                               *tloscalzo@dilworthlaw.com*
                               Dilworth Paxson LLP
                               1500 Market Street, Suite 3500E
                               Philadelphia, PA, 19102
                               Telephone: 215.575.7062
                               Fax: 215.754.4603

                               Attorneys for Defendant
                               MRO Corporation

**CERTIFICATE OF SERVICE**

    This is to certify that on the 12th day of July, 2024, the foregoing was served via electronic mail and via U.S. Mail addressed to the following:

> Patrick J. Perotti
> Frank A. Bartella
> Dworken & Bernstein Co., L.P.A.
> 60 South Park Place
> Painesville, Ohio 44077
> pperotti@dworkenlaw.com
> fbartela@dworkenlaw.com
>
> *Attorneys for Plaintiff*

    This is to further certify that on the 12th day of July 2024, the foregoing was serviced via U.S. Mail addressed to the following:

> The Cleveland Clinic Foundation and
> The Cleveland Clinic
> 9500 Euclid Ave.
> Cleveland, Ohio 44195

Dated: July 12, 2024      By:    */s/ Michael J. Zbiegien Jr.*
                                               Michael J. Zbiegien Jr. (0078352)
                                               One of the Attorneys for Defendant MRO Corporation

134011034