UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY HUDSON-SWOOPE, | ) | Case No. 1:24-cv-01183 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| MRO CORPORATION (dba | ) | |
| MEDICAL RECORDS ONLINE, | ) | |
| INC.), *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Wendy Hudson-Swoope moves to alter or amend the Court's Opinion and Order granting Defendants' motion to stay pending arbitration and denying Defendants' motions to dismiss for lack of jurisdiction.  (ECF No. 21.)  Specifically, Plaintiff contends that the local controversy exception to the Class Action Fairness Act applies, divesting the Court of jurisdiction.  For the reasons that follow, the Court **DENIES** Plaintiff's motion.  (ECF No. 22.)

**LEGAL STANDARD**

Although the Rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.  This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited

at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b); *see also Desai v. Geico Cas. Co.*, 541 F. Supp. 3d 817, 822 (N.D. Ohio 2021).

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration where it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989).

Rule 59(e) requires parties to file a motion to alter or amend "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the Court ruled on March 25, 2025 (ECF No. 21), making the deadline for a motion under Rule 59(e) April 22, 2025. Plaintiff filed her motion on April 24, 2025, two days after the deadline. (ECF No. 22.) Nonetheless, the Court treats the motion as one under Rule 60(b). *See Oko v. City of Cleveland*, No. 1:21-cv-2222, 2023 WL 6311464, at *7 (N.D. Ohio Sept. 28, 2023) (acknowledging that "[w]hen a party fails to file a Rule 59 motion within the mandatory 28-day period, a court may consider the motion as one requesting relief from judgment pursuant to Rule 60(b)").

Under Rule 60(b), a party "must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) (quoting *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Oko*, 2023 WL 6311464, at *7 (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2014)).

## ANALYSIS

Plaintiff argues that this case satisfies the fourth element of the local controversy exception under the Class Action Fairness Act—that no class actions asserting the same or similar claims as this case have been filed in the three years preceding the filing of this case. (ECF No. 22, PageID #215.) In support of her argument, Plaintiff maintains that the case that provided the basis for finding that the local controversy exception does not apply sufficiently differs from this case and fails to remove this action from the reach of the local controversy exception to federal jurisdiction. *See Hollabaugh v. MRO Corp.*, No. 1049, Sept. Term, 2023, 2024 WL 2858350 (Md. Ct. Spec. App. June 6, 2024). There, the plaintiff alleged that MRO charged a fee for an unsuccessful records search in violation of State law. *Id.* at *3. In contrast, Plaintiff in this case claims that MRO charged more than permitted under State law. But both cases involve allegations that MRO exceeded caps on fees under State law for providing medical records.

3

In response to Plaintiff's motion for reconsideration, Defendants identified three additional cases that they contend prevent the application of the exception. One of them, *Wilson v. MRO Corp.*, No. 2:16-cv-05279 (S.D. W. Va.), was filed more than three years before this case. So, it does not count for purposes of the local controversy exception.

1. ***Davis v. MRO Corp.***

In their response, Defendants attach the first amended complaint from *Davis v. MRO Corp.*, No. 22 CVS 3672 (N.C. Super. Ct.). (ECF No. 23-2.) This case was filed on September 27, 2022, less than three years before Plaintiff filed this action. In *Davis*, the plaintiff was injured in a car accident. (*Id.*, ¶¶ 36–40, PageID #272.) His lawyer requested copies of medical records to investigate his claims. (*Id.*, ¶¶ 41–42, PageID #272.) MRO sent the lawyer an invoice for the plaintiff's medical records, charging a search and retrieval fee, a $1.00 per page fee for each of the first 25 pages, and a $0.50 per page fee for the remaining pages. (*Id.*, ¶ 45, PageID #273.) Although the plaintiff's lawyer paid the invoice, the plaintiff alleged that the per page fees exceeded the limits of North Carolina law and that the search and processing fee was not authorized. (*Id.*, ¶¶ 46–48, PageID #273.)

2. ***Aiken v. MRO Corp.***

Next, Defendants cite *Aiken v. MRO Corp.*, No. 2022CP2303888 (S.C Ct. Com. Pl.). (ECF No. 23-3.) This case was filed on November 10, 2022, less than three years before Plaintiff filed this action. There, the plaintiff's attorney requested medical records from the plaintiff's healthcare providers. (*Id.*, ¶ 41, PageID #295.) MRO sent the plaintiff's attorney invoices charging a search and retrieval fee, fees for the

4

number of pages, and sales tax. (*Id.*, ¶¶ 43–45, PageID #295–96.) The plaintiff's attorney paid the invoices, but the plaintiff alleged that MRO overcharged him in excess of the limits under South Carolina law. (*Id.*, ¶¶ 64–65, PageID #299.)

Both of these cases are materially no different than this case. In each, MRO invoiced the plaintiffs for medical records, counsel paid the invoices, and the plaintiffs alleged that they were overcharged in violation of State law. These cases make similar allegations such that CAFA's local controversy exception does not apply. *See Schutte v. Ciox Health, LLC*, 28 F.4th 850, 860 (7th Cir. 2022). Accordingly, the Court remains of the view that it has jurisdiction over this matter. 28 U.S.C. § 1332(d)(4)(A)(ii).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration. (ECF No. 22.)

**SO ORDERED.**

Dated: May 9, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5